UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRASFIELD & GORRIE, L.L.C.,
a foreign limited liability company,
and HP-BDG 200 RIVERSIDE, L.L.C.,
a Florida limited liability company,

       Plaintiffs,

v.                          CASE NO. _____

MOHAWK INDUSTRIES, INC.,
a foreign corporation,

       Defendant.
_____/

## COMPLAINT

Plaintiffs, Brasfield & Gorrie, L.L.C. (hereinafter, "B&G") and HP-BDG 200 Riverside, L.L.C. (hereinafter, "Owner"), by and through undersigned counsel, file their Complaint against Defendant, Mohawk Industries, Inc. (hereinafter, "Mohawk"), and allege as follows:

## JURISDICTION, PARTIES & VENUE

1. This Court has original jurisdiction under 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000.00 and this action is between citizens of different states.

2. B&G is a foreign limited liability company with its principal place of business located in Jefferson County, Alabama.

3. Owner is a Florida limited liability company with its principal place of business located in Duval County, Florida.

4. Mohawk is a foreign corporation with its principal place of business located in Gordon County, Georgia.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391, because the events or omissions giving rise to the Plaintiffs' claims occurred in Duval County, Florida.

## FACTUAL ALLEGATIONS

6. This lawsuit arises from design and construction of a ten story, mixed use residential apartment building and commercial retail complex located in Jacksonville, Florida (hereinafter, the "Project"). Specifically, this action centers around flooring materials manufactured by Defendant Mohawk, which were installed and incorporated at the Project.

7. On or about November 14, 2018, B&G entered into a contract (hereinafter, the "Contract") with the Owner for construction of the Project. A true and correct copy of the Contract is attached as Exhibit "A".

8. The Owner issued the Notice to Proceed on the Project on or about January 15, 2019; the original substantial completion date was scheduled on or before January 15, 2021, as outlined in the Contract.

9. On or about February 1, 2019, B&G entered a subcontract (hereinafter, the "Subcontract") with Malibu Acceptance, LLC (hereinafter, "Malibu") for furnishing and installation of flooring on the Project. A true and correct copy of the Subcontract is attached as Exhibit "B".

10. The Subcontract specified that Malibu would be responsible to furnish and install flooring in accordance with Specification Section 096519 – Resilient Tile Flooring and Finish Schedule (hereinafter, the "Flooring Specification"). A true and correct copy of the Flooring Specification is attached as Exhibit "C". The specification called for installation of luxury vinyl tile ("LVT") over an underlayment; the LVT and underlayment were attached to the sub-floor with adhesive.

11. On or about October 29, 2019, Malibu and B&G submitted the proposed flooring system of Mohawk Bristol Grey LVT over Pliteq GenieMat underlayment with GenieMat Adhesive, which the Owner approved and accepted.

12. On or about February 12, 2020, the Owner accepted a change in the material from the Bristol Grey LVT flooring previously approved. Mohawk Industries manufactured the new LVT product, a 2-millimeter-thick tile called "Honeysuckle Greer.

13. The Mohawk LVT and Pliteq underlayment combination failed to adhere properly. Consequently, B&G and Malibu provided new flooring assembly combinations that Mohawk recommended to test different combinations of LVT, underlayment and adhesives. During such time, Mohawk told the Owner it was working to obtain approval for use of its Accusound underlayment product with the Honeysuckle Greer LVT.

14. On or about September 22, 2020, the Owner accepted a change in the flooring assembly after B & G and Malibu spent considerable effort in creating mockups and performing acoustical, moisture and alkalinity testing. This included changing the underlayment to the Mohawk-manufactured AccuSound underlayment with Mohawk Adhesive in accordance with Mohawk's recommendation. The Mohawk "Honeysuckle Greer" LVT was to be installed over the

Mohawk Accusound underlayment which was installed over Mohawk Adhesive, all of which became the Greer Flooring Assembly.

15. Mohawk recommended the use of its Greer Flooring Assembly to the Owner and to B&G, although it was a new product on the market at that time.

16. Mohawk knew or reasonably should have known that installing the Greer Flooring Assembly would make the flooring system susceptible to permanent and unrecoverable deformation. Mohawk did not inform the Owner or B&G of this.

17. Malibu began installing the Greer Flooring Assembly on or about September 24, 2020.

18. On or about November 30, 2020, during the final clean up and punch list phase of the Project, B&G discovered performance failures of the Greer Flooring Assembly throughout the Project. Specifically, there were permanent and unrecoverable indentations and other appearance and performance issues. These failures caused damage to completed work and other property of the Owner and B&G and required B&G to install an alternative LVT product throughout the Project. This required removal of appliances, trim and removal/repair of other items previously

installed in the units as well as re-painting and re-cleaning the units and re-installing the appliances.

19. The failure of Mohawk's recommended Greer Flooring Assembly on the Project resulted in significant Project schedule delays, property damage and impact costs to the Owner and B&G.

20. All conditions precedent, if any, to the institution and maintenance of this action have been performed, waived or excused.

## COUNT I - NEGLIGENT MISREPRESENTATION
### (Owner)

21. Owner incorporates by reference the allegations in Paragraphs 1 through 20.

22. Mohawk, in the course and conduct of its business and with the purpose of marketing its LVT flooring products for sale to owners, design professionals, contractors, subcontractors, and others, made false statements and representations concerning a material fact to Owner, to wit: the compatibility of the 2-millimeter-thick "Honeysuckle Greer" LVT flooring over the AccuSound underlayment for installation on the Project. Mohawk made these statements, which it knew or should have known were false and untrue, with the overriding purpose of supporting the sales of its LVT products for pecuniary gain.

23. By reason of the foregoing, Mohawk was negligent in making these false statements and representations.

24. Mohawk intended or expected Owner to rely upon the false statements.

25. Owner justifiably and reasonably relied to its detriment upon Mohawk's misrepresentations in that Owner accepted the use of the Mohawk recommended Greer Flooring Assembly installed on the Project.

26. As a direct and proximate result of Mohawk's acts and/or omissions, the Owner suffered property, economic and other damages in an amount in excess of $75,000.00.

WHEREFORE, Plaintiff, HP-BDG 200 Riverside, L.L.C., respectfully requests the Court enter judgment against Defendant, Mohawk Industries, Inc., as follows:

(a)   An award of damages in an amount in excess of $75,000.00; and

(b)   For such other and further relief as the Court may deem just and proper.

### COUNT II - NEGLIGENT MISREPRESENTATION
### (B&G)

27. B&G incorporates by reference the allegations in Paragraphs 1 through 26.

28. Mohawk, in the course and conduct of its business and with the purpose of marketing its LVT flooring products for sale to owners, design professionals, contractors, subcontractors, and others, made false statements and representations concerning a material fact to B&G, to wit: the compatibility of the 2-millimeter-thick "Honeysuckle Greer" LVT flooring over the AccuSound underlayment for installation on the Project. Mohawk made these statements, which it knew or should have known were false and untrue, with the overriding purpose of supporting the sales of its LVT products for pecuniary gain.

29. By reason of the foregoing, Mohawk was negligent in making these false statements and representations.

30. Mohawk intended or expected B&G to rely upon the false statements.

31. B&G justifiably and reasonably relied to its detriment upon Mohawk's misrepresentations in that B&G accepted Mohawk's misrepresentations by incurring substantial expense both installing and later replacing the Greer Flooring Assembly on the Project and removing and replacing trim and appliances, repainting and re-cleaning the units

as well as costs for extended general conditions and additional supervision.

32. As a direct and proximate result of Mohawk's acts and/or omissions, B&G has been damaged in an amount in excess of $75,000.00.

WHEREFORE, Plaintiff, Brasfield & Gorrie, L.L.C., respectfully requests the Court enter judgment against Defendant, Mohawk Industries, Inc., as follows:

(a)   An award of damages in an amount in excess of $75,000.00; and

(b)   For such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

*/s/ John H. Dannecker*
**John H. Dannecker, Esq.**
Florida Bar No. 0745030
jdannecker@shutts.com
lking@shutts.com
kgau@shutts.com
**Emily M. Martin, Esq.**
Florida Bar No. 105918
emartin@shutts.com
lking@shutts.com
**SHUTTS & BOWEN, LLP**
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801-5403
Telephone:  407.423.3200
Facsimile:   407.425.8316
*Attorneys for Brasfield & Gorrie, L.L.C. and Co-Counsel for HP-BDG 200 RIVERSIDE, L.L.C.*

- and -

*/s/ Vic L. McConnell*
**Vic L. McConnell, Esq. (pro hac to be submitted)**
VMcConnell@smithcashion.com
**SMITH CASHION & ORR, PLC**
One American Center
3100 West End Avenue, Suite 800
Nashville, TN 37203
Telephone: 615.742.8580
Facsimile:  615.742.8556
*Co-Counsel for HP-BDG 200 RIVERSIDE, L.L.C.*